Burton S. Sherman, J.
Motion No. 56 and cross motion No. 85 are consolidated for the purpose of disposition.
In this supplemental proceeding, the petitioner, a judgment creditor, moves pursuant to CPLR 5225 (subd. [b]) and CPLR 5227 for an order directing a third-party escrow agent to turn over sufficient proceeds to satisfy the judgment from an escrow fund which had been established by a bulk sale of the judgment debtor’s business.
The State Tax Commission cross-moves to intervene pursuant to CPLR 5225 (subd. [b]) and CPLR 5227 and for an order that it has a priority claim upon the escrow fund.
Sufficient reasons having been indicated, that part of the Tax Commission’s cross motion seeking intervention is granted.
As to the question of priority, it appears that five tax warrants were issued against the judgment debtor and the Tax Commission levied on the warrants on August 30, 1972 pursuant to CPLR 5232 (subd. [a]). This is not denied by the escrow agent. The petitioner, on the other hand, entered judgment on November 14,1972 and served a restraining order on the escrow fund on November 16, 1972. Priority among judgment creditors under the CPLR is gained only after a levy, an order directing delivery or the appointment of a receiver of property of the judgment debtor. (CPLR 5234, subds. [b], [c].) The mere entry of a judgment or the service of a restraining order is insufficient to gain such priority. (City of New York v. Panzirer, 23 A D 2d 158.)
*355 Moreover subdivision (c) of section 1141 of the Tax Law of the State of New York requires that 10 days’ notice of a bulk sale be given to the State Tax Commission by the prospective purchaser. Failure to give such notice permits the commission to obtain a priority right or lien on the consideration for the bulk sale for any sales taxes due. In this case it is not denied that the purchaser failed to notify the commission of the sale. The notice it did receive was from the seller and was not timely.
Accordingly the State Tax Commission’s cross motion is further granted to the extent of declaring that it has a first priority right and lien against the escrow fund held by Irving Raymar, Esq. and belonging to the judgment debtor which was a part of the consideration for the sale herein over the petitioner and judgment creditor Lady Bayard, Division of Bayard Shirt Company. This determination is not intended to adjudicate the rights of any other creditors. The motion of the petitioner is denied.